UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEAN WILLIAM ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 06-92-P-H |
| ) | |
| CUMBERLAND COUNTY SHERIFF'S ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDED DECISION

Defendant Cumberland County Sheriff's Department filed a motion to dismiss Dean William Anderson's complaint on July 14, 2006. The deadline for Anderson to file a response to the Department's motion was August 4, 2006. As of today, Anderson has failed to file a response. Anderson's failure to diligently protect his rights in this lawsuit follows a previous attempt to bring the same lawsuit[1] while Anderson was still a prisoner at the Cumberland County Jail. On April 2, 2004, he filed the identical complaint accusing the identical defendants of excessive force in connection with the December 28, 2003, incident at the Cumberland County Jail. I explained to Anderson that if he wished to proceed with his lawsuit he would have to pay the filing fee from his prisoner trust account. (See

---

[1] Plaintiff's Complaint sets forth the operative facts in this case: On December 28, 2003 he was arrested by the Portland Police Department and brought to the Cumberland County Jail. The Plaintiff was brought through the sallyport area of the jail by two Portland police officers. Plaintiff asserts that he was not intoxicated, he was asked to take a breathalizer test by the officers and that he refused the breathalizer explaining that he was on Zanax and Paxil which made him wobbly and unbalanced. Plaintiff continued to refuse the test and told the officers to review his medical records. Then "two officers" picked him up and hauled him to the intake area of the jail where they proceeded to slam his head against the window sill/desk area. Plaintiff asserts that his head was slammed twice, with the second slam resulting in bleeding. As a result of being slammed into the window sill/desk area, the Plaintiff explains he received permanent scarring and twelve stitches. The Plaintiff's prior lawsuit, Case No. 04-67-P-C, sets forth a statement of claim that is virtually identical.

Anderson v. Cumberland County Jail, CV-04-67-P-C, Docket No. 3.)  Anderson never responded to my order requiring him to indicate whether he intended to proceed with the lawsuit.  When he failed to respond to my order, I prepared a recommended decision, recommending the matter be dismissed because of his failure to diligently prosecute the case.  The mailed copy of the recommended decision, unlike the earlier order, was returned as undeliverable.  A fair inference would be that Anderson was no longer a prisoner at the Cumberland County Jail as of June 2004, the time of the recommended decision, and the jail address was the only address Anderson had provided to the court.  In any event, Judge Carter adopted my recommended decision and the lawsuit was dismissed.  Over two years have past without any objection by Anderson regarding the status of his first lawsuit.

The Cumberland County Sheriff's Department accepted service of this new complaint by waiver and has now filed a motion to dismiss the present case.  Its argument is based upon the fact that the prior Judgment in case number 04-67-P-C does not specify that it was intended to be a dismissal without prejudice and, therefore, pursuant to Fed.R.Civ.P. Rule 41(b), it operates as an adjudication on the merits.  Based upon the existence of a prior adjudication on the merits, the Department argues, Anderson's claims in the present case are barred by doctrine of *res judicata.*

It is within the District Court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule, "at least when the result does not clearly offend equity."  NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir. 2002).  Pursuant to District of Maine Local Rule 7(b), Anderson's failure to object to the motion to dismiss within twenty-one days means that any objection to the motion is deemed waived.  However, a district court cannot enforce its local rules in a way that conflicts with the Federal Rules of Civil

Procedure. See Fed.R.Civ.P. 83(a)(1); Jaroma v. Massey, 873 F.2d 17, 20 (1st Cir.1989) ("Local district court rules cannot be construed in such a way as to render them inconsistent with applicable provisions of the Federal Rules of Civil Procedure."). As the Department points out in its memorandum, under the circumstances the dismissal of this action would be entirely consistent with the Federal Rules of Civil Procedure. Therefore my conclusion is that the motion to dismiss should be granted.

Accordingly, it is recommended that defendant Cumberland County Sheriff's Department's Motion to Dismiss (Docket No. 9) be **GRANTED**, and the complaint, in its entirety, should be dismissed with prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) (1993) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

August 8, 2006   /s/ Margaret J. Kravchuk
  U.S. Magistrate Judge